FROSTEN et al. v. LEGENDRE.

Where, after the dissolution of the community by the death of one of the spouses, the sur-
vivor, as tutrix of a daughter, becomes a party to a marriage contract of the latter, in which
it is declared that the daughter is entitled to a certain portion of land belonging to the com-
munity, and the daughter subsequently mortgages that portion of the land to a third person,
referring in the act to the land as that described in the marriage contract, the surviving wife
will be estopped from questioning the title of the daughter to that portion of the land.
Per Curiam: Even if she made an unintentional mistake as to the quantity, her innocence
will not protect her, for the rule is that, where one of two innocent persons must suffer, he
shall suffer who by his act occasioned the confidence and loss.

APPEAL from the Fifth District Court of New Orleans, Buchanan, J.
Michel and Burns, for the appellants. Preaux and Collens, for the de-
fendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiffs arrested by injunction, the sale of the undivided
third of certain real estate, mortgaged by Charlotte L. Fulmer to Legendre, up-
on the allegation that she was only the owner of one-sixth of the property;
that it was community property, acquired by George Fulmer, who left at his
death the plaintiff, now Mrs. Kammer, his widow in community, and three
children, Charlotte, Frederic, and George; so that at his death the property be-
longed, one-half to his widow, and one-sixth each to his children; and con-
sequently, that Charlotte could only mortgage to Legeudre an interest of one-
sixth.

Charlotte married Chase, and in the marriage contract it was declared that, as
heir of George Fulmer, she was the owner of one undivided third of the land
in question. The mother, the present plaintiff, was a party to this deed, act-
ing as her natural tutrix. When the mortgage to Legendre was afterwards
executed by Charlotte, she mortgaged one undivided third of the land, and de-
scribed it as " the same which is set forth in her marriage contract, as her sep-
arate property."

The participation of the mother in the marriage contract was, as regards
third persons, a solemn recognition, on her part, that her daughter was the
owner of one-third of the land; and upon the faith of this representation, we
must consider Legendre as having acted, in as much as the marriage contract is
expressly referred to in the mortgage. She is therefore in equity estopped
from now questioning his right of mortgage upon one-third. Even if she
made an unintentional mistake, her innocence cannot protect her, for the rule
is that, where one of two innocent persons must suffer, he shall suffer who by
his own act occasioned the confidence and loss. See Richardson v. Hyams, 1
An. 288. 1 Story's Equity, 377.

It is to be observed that, Mrs. Chase may be recognized as the owner of an
undivided third without affecting the share of the two minors, Frederic and
George. The loss must fall on the widow's share.

Judgment affirmed.